COMMONWEALTH of Pennsylvania, Appellee,

v.

Matthew E. ARMSTRONG, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 28, 2002.

Filed June 26, 2002.

Leonard G. Brown, Lancaster, for appellant.

Susan E. Moyer, Asst. Dist. Atty., Lancaster, for Commonwealth, appellee.

Before McEWEN, P.J.E., TODD, and MONTEMURO,* JJ.

TODD, J.

¶ 1 Matthew ·E. Armstrong appeals the July 19, 2001 Order of the Lancaster County Court of Common Pleas denying his request for a seven-day special temporary leave on the basis that it lacked jurisdiction to grant Armstrong's request. We affirm.

¶ 2 On September 6, 1997, Armstrong was convicted by a jury of three counts of indecent exposure,[1] and three counts of corruption of minors[2] following charges that he exposed himself to several young girls as they were walking along a street in Millersville Borough, Lancaster County. Armstrong was sentenced to 1 ½ to 5 years, less one day, incarceration in the Lancaster County Prison. On November 19, 1997, Armstrong pled *nolo contendere* to three additional counts of indecent expo-

sure and corruption of minors. Pursuant to his plea agreement, he was sentenced to an aggregate term of ten years probation, to run concurrently to the sentence noted above. Armstrong filed unsuccessful appeals regarding both of his sentences and, most recently, filed a Petition for Temporary Leave pursuant to 61 P.S. § 2141, in which he sought a seven-day leave "so that he could attend to family needs." (Appellant's Brief, at 5.) The trial court denied Armstrong's motion on July 19, 2001, concluding that it was without authority to grant temporary leave to a state prisoner housed in a county facility. This timely appeal followed.

¶ 3 In this appeal, Appellant presents a single issue for this Court's review, namely, whether the trial court had the authority pursuant to Section 2141 to grant special temporary leave to a prisoner serving a state sentence in a county detention facility. Section 2141 provides:

Whenever any person has been sentenced to undergo imprisonment in a county jail or workhouse, hereafter referred to as a jail, for a term of less than five years the court, at the time of sentence or at any time thereafter upon application made therefor, may by order direct the sheriff, prison keeper, jail keeper, warden· or other administrative head of a jail to permit the prisoner to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attendance at an educational institution, securing medical treatment or such other lawful purposes

* Retired Justice assigned to Superior Court.

1. 18 Pa.C.S.A. § 3127(a).

2. 18 Pa.C.S.A. § 6301(a).

as the court shall consider necessary and appropriate. The order of court may be rescinded or modified at any time with or without notice to the prisoner.

61 P.S. § 2141.

¶ 4 The Commonwealth, in its brief to this Court, contends that because Armstrong is a state prisoner serving a state sentence under the direction of the Bureau of Corrections, albeit in a county prison, the Lancaster County Court of Common Pleas does not have the authority to grant his petition for temporary leave. The Commonwealth further argues that pursuant to Sections 1051 and 1053, the Bureau of Corrections is the sole agency empowered to release a state prisoner.

¶ 5 Although our research has revealed little caselaw on this issue, we note that this Court addressed a similar situation in *Commonwealth v. Benn*, 451 Pa.Super. 538, 680 A.2d 896 (1996). In *Benn*, the appellee, who was serving a 4 to 8 year sentence in a state prison, applied to the trial court for a temporary furlough to attend his grandson's Bar Mitzvah. The trial court granted the appellee's request, and following the denial of its motion for reconsideration, the Commonwealth appealed. Finding that the case satisfied both of the exceptions to the mootness doctrine, namely, the issue presented was one of great public importance, and the issue was capable of repetition yet escaping judicial review, we addressed the merits of the Commonwealth's appeal.

¶ 6 In *Benn*, we noted that the place of confinement is specified by statute based on the length of the term of confinement. *Id.* at 898. The relevant statute provides:

§ 9762. **Sentencing proceeding; place of confinement**

All persons sentenced to total or partial confinement for:

(1) maximum terms of five or more years shall be committed to the Bureau of Correction for confinement;

(2) maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court;

(3) maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court except that as facilities become available on dates and in areas designated by the Governor in proclamations declaring the availability of State correctional facilities, such persons may be committed to the Bureau of Correction for confinement.

42 Pa.C.S. § 9762.

¶ 7 We further recognized in *Benn* that [b]y operation of subsection (1), custody of appellee, who had received a four to eight year sentence, is under the control of the state Bureau of Corrections. Similarly, the legislature has vested the authority to allow early releases of state prisoners solely in the Bureau of Corrections.

\* \* \*

No provision is included whereby the sentencing court somehow retains authority, to the exclusion of the Bureau of Corrections, to furlough state prisoners.

*Benn*, 680 A.2d at 898, 899.

¶ 8 In the instant case, it is clear from the sentencing transcript that Armstrong is a state prisoner under subsection (2) of Section 9762, and therefore under the control of the State Bureau of Corrections. At the sentencing hearing, the trial court specifically stated: "I have deliberately worked this sentence, and I direct that it be served in the Lancaster County Prison, *even though it is a state sentence.* I feel

that in that way perhaps visits can be arranged between you and your family." (N.T. Sentencing Hearing, 11/7/97, at 26) (emphasis added). As a state prisoner, the Bureau of Corrections has the sole authority to furlough Armstrong, or grant him an early release. Thus, we conclude that the trial court was correct in its determination that it did not have jurisdiction to grant temporary leave to Armstrong, who, although serving his sentence in a county facility, is clearly a state prisoner. Accordingly, we affirm the July 19, 2001 Order denying Armstrong's request for temporary leave.

¶ 9 Order affirmed.

¶ 10 McEWEN, P.J.E., files a Concurring Statement.

McEWEN, P.J.E., Concurring.

¶ 1 The author of the Opinion of the majority has, in usual fashion, undertaken a careful analysis and molded a perceptive rationale of position. I proceed to this statement since I am not so certain as the majority that appellant should be classified as a *state prisoner.*

¶ 2 The majority quite accurately echoes the final sentence of the sentencing judge: "I have deliberately worked this sentence, and I direct that it be served in the Lancaster County Prison, *even though it is a state sentence.* I feel that in that way perhaps visits can be arranged between you and your family." (emphasis supplied)

¶ 3 On the other hand, the judge took pains to remove appellant from the automatic classification of appellant as a state prisoner when he crafted a maximum term of imprisonment of five years, *less one day.* The sentencing judge took such pains because the statute declares:

All persons sentenced to total or partial confinement for:

(4) maximum terms of five or more years shall be committed to the Bureau of Correction for confinement;

(5) maximum terms of two years or more **but less than five years** may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court;

(6) maximum terms of less than two years shall be committed to a county prison . . . .

42 Pa.C.S. § 9762 (emphasis supplied). Thus, the sentencing judge precisely crafted a term that made appellant a *county prisoner* before labeling the term a *state sentence.* Since the sentencing judge did not file an opinion, we do not have the benefit of the explanation by the sentencing judge of the statement which attended the imposition of sentence, and so are left to address what some would consider an ambiguous statement of disposition. I am inclined to resolve that perceived uncertainty by concluding that the painstaking effort of the trial judge to craft a *county prison* sentence more distinctly and substantially reflects the substantive design of the sentencing judge than does the rather incidental reference to a state sentence.

¶ 4 Nonetheless, the insight and acumen of those judges who compose the majority are so keen that I opt not to dissent from their ruling, and instead proceed to concur in the result of the majority decision.