**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Daniel FINN, Appellee.**

Superior Court of Pennsylvania.

Submitted July 29, 2002.

Filed Sept. 20, 2002.

Frank P. Barletta, Asst. Dist. Atty., Wilkes-Barre, for Com., appellant.

Robert T. Roote, Falls, for appellee.

Before JOHNSON, HUDOCK and, BECK JJ.

JOHNSON, J.

¶ 1 On June 6, 2001, Daniel Finn pled guilty to two (2) counts of driving under the influence (DUI). *See* 75 Pa.C.S. § 3731. It being Finn's fifth DUI conviction, the Honorable Gifford S. Cappellini sentenced Finn to a mandatory term of one to two years' imprisonment. The sentencing order included a provision entitling Finn to work release. On January 18, 2002, Finn filed a Petition for Furlough. In that petition, Finn alleged: 1) that he would complete the minimum incarceration on Judge Cappellini's sentence on June 6, 2002; 2) that Judge Cappellini had granted Offender Work Release on June 6, 2001; 3) that he had no write-ups since being sentenced on June 6, 2001; and 4) that he was the owner of property with a damaged roof in need of immediate repairs.

¶ 2 Following a hearing on January 31, 2002, Judge Cappellini granted Finn's Petition for Furlough, affording Finn periods from 6:00 p.m. Friday until 10:00 p.m. Sunday, at the conclusion of which period Finn was ordered to return to work release status. The Commonwealth now appeals from the order granting the furlough, claiming that the Court of Common Pleas lacked jurisdiction to order any furlough because Finn's sentence of one (1) to two (2) years' incarceration placed Finn under the exclusive supervision of the Bureau of Corrections. Because we find no support for the conclusion reached by the Commonwealth, we affirm the order granting the furlough.

¶ 3 The statute governing the resolution of this appeal provides as follows:

**§ 2141. Court order; purposes**

Whenever any person has been sentenced to undergo imprisonment in a county jail or workhouse, hereafter referred to as a jail, for a term of less than five years the court, at the time of sentence or at any time thereafter upon application made therefor, may by order direct the sheriff, prison keeper, jail keeper, warden or other administrative head of a jail to permit the prisoner to leave the jail during necessary and reasonable hours **for the purpose of working at his employment, conducting his own business or other self-employed occupation,** including housekeeping and attending to the needs of family, seeking employment, attendance at an educational institution, securing medical treatment **or such other lawful purposes as the court shall consider necessary and appropriate.** The order of court may be rescinded or modified at

any time with or without notice to the prisoner.

61 P.S. § 2141 (emphasis added).

¶ 4 The above statute authorizes work release. *See Commonwealth v. Tuddles*, 782 A.2d 560, 563 (Pa.Super.2001); *Commonwealth v. Christina*, 225 Pa.Super. 95, 311 A.2d 318, 319 (1973) (Spaeth, J., dissenting). On June 6, 2001, Judge Cappellini granted work release to Finn pursuant to this statute, which is a portion of Chapter 25 of the Crimes Code dealing with Absence from Jail for Occupational and Other Purposes. *See* 61 P.S. §§ 2141–2146. The same statute authorizes a common pleas judge to grant a furlough. *See Commonwealth v. Benn*, 451 Pa.Super. 538, 680 A.2d 896 (1996). The Commonwealth relies solely on *Benn* in contending that Judge Cappellini abused his discretion and was without authority to grant a furlough. We find *Benn* distinguishable.

¶ 5 In *Benn*, this Court reviewed a Commonwealth claim that the trial court was without jurisdiction to grant a furlough to permit the applicant to attend his grandson's Bar Mitzvah. *See Benn*, 680 A.2d at 897. The inmate was sentenced to a term of four (4) to eight (8) years' imprisonment following conviction on numerous theft, fraud and corrupt organization charges. *See id.* While incarcerated in a state prison, the inmate applied to the trial court for the temporary furlough which the trial court granted. *See id.* In vacating the order granting a furlough, this Court relied on 42 Pa.C.S. Section 9762, providing that all persons sentenced to total confinement for a maximum term of five or more years shall be committed to the Bureau of Correction for confinement. *See id.* at 898–99. We went on to hold expressly, while construing Section 2141 here under review, that a trial judge was without authority to order furlough *where the state prisoner's maximum sentence exceeded five years.* *See id.* at 899.

¶ 6 Here, Finn is serving his sentence in the Luzerne County Correctional Facility and his maximum sentence is only two years. There is nothing in Section 2141 restricting the action that Judge Cappellini took in this matter. Finn sought, and received, a furlough for the purpose of conducting his own business, namely undertaking roof repairs to rental property that he owned in order to place it back on the income-producing market. This is clearly included within the purposes for which judges are authorized to grant work release and furlough. *See* 61 P.S. § 2141. As we recently stated, Section 2141 was enacted "to recognize the judge's power to permit a prisoner to attend to matters outside the prison walls when the court deems it 'necessary and appropriate.'" *Commonwealth v. Tuddles*, 782 A.2d at 563. "It also allows a court to effectuate programs such as work release." *Id.* In this case, Judge Cappellini has operated well within the authorization provided by the legislature. Therefore, we find no abuse.

¶ 7 Order granting furlough pursuant to 61 P.S. § 2141 **AFFIRMED.**