COMMONWEALTH of Pennsylvania, Appellant,

v.

**John WELGOS.**

Superior Court of Pennsylvania.

Submitted April 14, 2003.
Filed Aug. 25, 2003.

---

David W. Lupas, Asst. Dist. Atty., and Frank P. Barletta, Asst. Dist. Atty., Wilkes–Barre, for Com., appellant.

John Hakim, Wilkes–Barre, for appellee.

BEFORE: JOYCE, KLEIN, JJ. and McEWEN, P.J.E.

OPINION PER CURIAM:

¶ 1 The Commonwealth appeals from the order entered in the Court of Common Pleas of Luzerne County granting John Welgos immediate work release as well as release for the birth of his child and for childcare purposes. The Commonwealth claims that because Welgos is serving his sentence under the auspices of the State Bureau of Corrections, the trial court had no jurisdiction to authorize Welgos' release. Upon careful review of the record, and because we determine that Welgos was serving a county sentence, not a state sentence, we affirm.

¶ 2 Welgos appears to have had a brief and unsuccessful career as a petty thief, having been convicted of stealing a couple hundred dollars' worth of Tylenol on two occasions. Additionally, Welgos proved to be unsuccessful at fulfilling the terms of his parole. After re-incarceration for violating his parole for the above crimes, Welgos absconded when he was released to attend an Alcoholics Anonymous meeting but failed to return to the Luzerne County Correctional Facility. As a result, he was sentenced to his back time, with a 2 to 4 year sentence for escape.[1] All time was to be served concurrently, resulting in a total of a 2 to 4 year sentence.

¶ 3 Welgos then petitioned the court to be readmitted to his work release program and to be released from incarceration to attend the birth of his child. The Commonwealth opposed this petition, but after a hearing the trial court granted the petition. The Commonwealth now appeals, arguing that under the recently decided case of *Commonwealth v. Armstrong*, 802 A.2d 675 (Pa.Super.2002), the trial court had no jurisdiction to order Welgos' release.

■ ¶ 4 Although *Armstrong* was decided after Welgos' release, the Commonwealth argues the application of *Armstrong* is not an impermissible retroactive application of case law, but rather represents a simple interpretation of an existing statute. We need not address this issue because a review of the record indicates that *Armstrong* is not controlling.

¶ 5 Briefly, *Armstrong* concluded that once the trial judge said Armstrong was serving a "state sentence," although the judge specified that the sentence was to be served in a county prison, the prisoner was under the authority of the Bureau of Corrections. Our Court then concluded that the trial court had no jurisdiction to release him. *Id.* at 678.[2] Specifically, in *Armstrong* the prisoner was sentenced to a term of imprisonment of 1½ to 5 years, less one day. While at sentencing, the trial court specifically stated that Armstrong was to serve his sentence in a county correctional facility, not a state facility. The trial judge also said he was issuing a state sentence. It was this comment by the trial court, indicating that Armstrong was serving a state sentence that proved decisive.

---

1. 18 Pa.C.S.A. § 5121(a).

2. See 42 Pa.C.S.A. § 9762(1).

¶ 6 We note our reservation regarding the holding in *Commonwealth v. Armstrong*, 802 A.2d 675 (Pa.Super.2002). Were we not able to affirm the trial judge's order on other grounds, we would recommend the reconsideration of *Armstrong* by a Court *en banc*. As noted, the decisive factor in *Armstrong* was the comment by the sentencing judge that Armstrong was serving a state sentence but in a county facility. The *Armstrong* Court found that the sentencing judge's comment divested him of jurisdiction over Armstrong and placed the authority to grant furlough in the hands of the Board of Corrections. Since in this case the sentencing court made no such comment, but instead specifically fashioned a sentence to be served in a county facility, *Armstrong* was not applicable and the sentencing court did have jurisdiction.

¶ 7 However, the reliance upon the trial court's use of "magic words" to decide this issue in *Armstrong* is troubling in light of the clear legislative intent set forth in 61 P.S. § 2141:

[w]henever a person has been sentenced to undergo imprisonment in a county jail or workhouse, hereafter referred to as a jail, for a term of less than five years **the court**, at the time of sentence or at any time thereafter upon application made therefore, may by order direct the sheriff, prison keeper, jail keeper, warden or other administrative head of jail to permit the prisoner to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attendance at an educational institution, securing medical treatment or such other lawful purposes as **the court** shall consider necessary and appropriate. The order of **the court** may be

rescinded or modified at any time with or without notice to the prisoner.

61 P.S. § 2141 (emphasis added).

■ ¶ 8 Statutes are to be interpreted by their plain meaning. 1 Pa.C.S.A. 1921(b); *Commonwealth v. Kelley*, 569 Pa. 179, 801 A.2d 551 (2002). The plain meaning of 61 P.S. § 2141 states that any prisoner whose sentence is more than two years but less than five years, and who is serving the sentence in a county facility, may be permitted by **the court** to leave the prison for certain reasons. The Board of Corrections is not mentioned in this section. This demonstrates the legislature's intent that the court decide requests for furlough made by inmates in county facilities even if they are serving maximum sentences greater than two years. Jurisdiction over furloughs depends upon the facility to which inmates are sentenced. Therefore, rather than attempting to glean the sentencing court's intent to retain or relinquish jurisdiction based on comments during sentencing, the legislature has provided a bright line rule for settling this issue.

■ ¶ 9 Confusion results because the various provisions relating to place of confinement, furloughs, and parole are in different parts of the statutes and even in different volumes. It is probable that the trial judge said he was imposing a "state sentence" because he gave up his right to parole Armstrong and that was left to the Parole Board. Here there is another bright line. The Parole Board has exclusive power to parole if the maximum sentence is two years or more. 61 P.S. § 331.17. However, parole from imprisonment where the sentence is less than two years is granted by the sentencing court, not the Parole Board. *Id.,* 61 P.S. 331.26. The grey area is found when the maximum sentence is two years or more but less

than five years. This is where the trial court has the discretion to determine whether the sentence is to be served in a state or county facility. If the court determines that the sentence is two years or more but less than five years and is to be served in a county facility, the Parole Board still has the exclusive power to parole, but furloughs are determined by the trial judge under 61 P.S. § 2141.

¶ 10 However, as noted, in the instant case the trial judge made no affirmative indication that his sentence was to be a state sentence. Thus, *Armstrong* is not controlling.

¶ 11 In the case at bar, because Appellant was sentenced to more than two years but less than five years of incarceration and the sentence was being served in a county facility, we believe that pursuant to 61 P.S. § 2141, the sentencing court should have jurisdiction to grant or deny Appellant's request for a furlough. We believe *Armstrong* was decided in error and should not be controlling, but at this point we would be bound by *Armstrong's* holding.

¶ 12 Here, since the judge made no comment that the sentence was to be a state sentence, and in light of the fact that Welgos was sentenced specifically to a county correctional facility, Welgos is under the control of the trial court for purposes of temporary release.

¶ 13 This view is further supported by the trial court in its brief, but decisive, opinion which states that it released Welgos under the authority of *Commonwealth v. Finn,* 808 A.2d 204 (Pa.Super.2002). *Finn* simply reiterates the authority of the trial court to release a county prisoner under the terms of 61 P.S. § 2141, which authorizes the court to grant absence from a county jail to a prisoner serving a term of less than five years. The trial court's reliance on *Finn,* and thus its reliance on

61 P.S. § 2141, indicate to us that it intended to retain control of Welgos for purposes of furlough. This is altogether proper.

¶ 14 Order affirmed.