COMMONWEALTH of Pennsylvania,
Appellant

v.

Brian Lee MEFFORD, Appellee.

Superior Court of Pennsylvania.

Argued March 2, 2004.

Filed Dec. 10, 2004.

Davis W. Lupas, Asst. Dist. Atty., Wilkes-Barre, for Com., appellant.

Ferris P. Webby, Kingston, for appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT, STEVENS, ORIE MELVIN, LALLY–GREEN, TODD, GANTMAN, McCAFFERY, and PANELLA, JJ.

STEVENS, J.:

¶ 1 The Commonwealth appeals from the order entered by the Court of Common Pleas of Luzerne County, which acted under 61 P.S. § 2141, *infra,* to grant Appellee a temporary work and child care furlough immediately after imposing a mandatory one-to-two year sentence for DUI. Specifically, the Commonwealth argues that the court lacked furlough jurisdiction under Section 2141 because Appellee received "a state sentence with a maximum term of two (2) years, and was under the exclusive jurisdiction of the [State] Bureau of Corrections." In fact, the sentencing court described Appellee's sentence as a "state sentence" during a discussion about parole. The sentencing court rejects the Commonwealth's position, and opines that Appellee's sentence was a county sentence precisely because Appellee was committed to county prison.

¶ 2 *En banc* review was granted to consider whether a sentencing court divests itself of furlough jurisdiction under the Penal Code's Section 2141 when the court describes a defendant's sentence as a "state sentence." We hold that Section 2141 gives courts categorical authority to order temporary release of county prisoners serving less than five year sentences. In this respect, Section 2141 is consistent with the statutory scheme present in both the Penal Code and Judicial Code, both of which condition jurisdiction over custodial and furlough issues on (1) the facility to which the prisoner has been committed and/or (2) the duration of the prisoner's sentence. We therefore overrule *Commonwealth v. Armstrong,* 802 A.2d 675 (Pa.Super.2002) and its "magic words"

holding to the contrary, and, accordingly, we affirm.

¶ 3 Appellee pleaded guilty to a fourth DUI within seven years. At Appellee's sentencing hearing, the Court of Common Pleas of Luzerne County indicated that a mandatory one to two year sentence applied, and that Appellee would serve the sentence at the Luzerne County Correctional Facility. The court also granted, over Commonwealth objection, Appellee's request for work and child care furlough. To that effect, the following exchange took place:

> DEFENSE COUNSEL: [Appellee's] the caretaker of [his ten year old son]. [Appellee's] living with his parents now. He hasn't had a drink since December of last year. His probation officer on the simple assault case has him lined up with Serento Gardens which is going to start soon. So, I think the Court should take all of this into consideration before deciding on the IPP. I mean, he's looking at a one to two-year sentence.

> TRIAL COURT: But under a State sentence, there's no IPP. So, one to two—

> DEFENSE COUNSEL: It was my understanding that under a State sentence, you could give him an IPP. You just can't grant him an IPP after 30 days after sentencing him under 30—

> TRIAL COURT: I have to depart and put him on probation. **If I sentence him to one to two, the State has jurisdiction of the parole and there's no IPP.**

> * * *

> TRIAL COURT: I'm not going to grant IPP, and the Commonwealth will appeal me because I'm going to give him work release. Let them take that issue up.

> PROSECUTOR: As long as our objection is noted.

> TRIAL COURT: It will be noted. You'll be sentenced to a one-year minimum to a two-year maximum at the Luzerne County Correctional Facility.

> * * *

> TRIAL COURT: **The State will have jurisdiction of parole on this matter. This Court will not, since it's a State sentence. I will allow you to serve it in the County, and I will grant immediate work release and child care release.** Counsel can give me an order to that effect.

> * * *

> **Note the Commonwealth's objection to the work release and child care release. What's that case?**

> PROSECUTOR: Armstrong.

> TRIAL COURT: **Pursuant to Armstrong.**

> * * * *

N.T. 8/15/02 at 4–8 (emphasis added). By order of August 30, 2002, therefore, the sentencing court granted Appellee work and child care furlough, and the Commonwealth appealed from that order.[1]

¶ 4 The Commonwealth argues that the court did not have Section 2141 furlough jurisdiction over Appellee because he "was serving a state sentence with a maximum term of two (2) years, and was under the exclusive control of the Bureau of Correc-

---

1. The Commonwealth has mistakenly prepared its brief as if the issue presented implicates the court's discretion in sentencing Appellant. *See* Commonwealth's Brief at 2, 6, and 8. The appeal is, instead, from the separate order entered after the judgment of sen-

tence was entered. *See Commonwealth v. Finn*, 808 A.2d 204 (Pa.Super.2002) (appeal from trial court order granting defendant furlough pursuant to 61 P.S. § 2141); *Armstrong, supra*.

tions." Brief for Commonwealth at 8. While it has oversimplified the issue before us,[2] the Commonwealth has at least included a citation to, *inter alia, Armstrong, supra,* to support its argument.

¶ 5 To summarize, a panel of this Court held in *Armstrong* that once a sentencing judge said he was issuing a "state sentence," the defendant became a state prisoner pursuant to 42 Pa.C.S.A. § 9762(2), *infra,* and the exclusive jurisdiction of the Bureau of Corrections over state prisoner furlough requests applied. *See* 61 P.S. §§ 1051, 1052, and 1053, *infra;*[3] *Commonwealth v. Benn,* 451 Pa.Super. 538, 680 A.2d 896 (1996) (holding that common pleas courts may not order temporary furloughs of state prisoners). This was so even though the judge had deliberately avoided imposing an automatic state prison sentence of five years by instead imposing a sentence of five years *less one day,* which allowed the judge to commit the defendant to county prison under statute. Regardless of this deliberate sentencing design, however, we found that the court's use of the words "state sentence" divested the court of furlough jurisdiction that it would have otherwise had under Section 2141. *Armstrong,* 802 A.2d at 678.[4]

¶ 6 A panel of this Court has since questioned *Armstrong,* observing that its holding effects an undesirable "magic words" test which improperly diverges from clear statutory authority in Section 2141 that furlough/release jurisdiction be based on place of confinement. *Commonwealth v. Welgos,* 831 A.2d 721 (Pa.Super.2003).[5] It is this alleged divergence of precedent from statutory authority that we therefore examine.

¶ 7 Under the Judicial Code, the general commitment of persons sentenced to confinement is delineated in 42 Pa.C.S. § 9762, which provides as follows:

**9762. Sentencing proceeding; place of confinement**

All persons sentenced to total or partial confinement for:

(1) maximum terms of five or more years shall be committed to the Bureau of Corrections for confinement;

(2) maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court;

(3) maximum terms of less than two years shall be committed to a coun-

**2.** Neither statute nor caselaw of this Commonwealth provides that a two year maximum sentence is automatically a state sentence for purposes of temporary furlough/release.

**3.** Section 1053 provides:

§ **1053. Establishment of rules and regulations; penalties**
The Bureau of Correction shall establish rules and regulations for granting and administering release plans and shall determine those inmates who may participate in any plan.
61 P.S. § 1053. Section 1051 also empowers the Bureau to establish designated pre-release centers. 61 P.S. § 1051. Furthermore, even if a sentencing judge objects to the

Bureau's early release decision, it is the State Board of Pardons that has ultimate authority to accept or reject the judge's objection. 61 P.S. § 1052.

**4.** In a concurring statement, P.J.E. McEwen expressed his reservations about relying on the judge's somewhat "ambiguous statement of disposition" to classify the defendant a state prisoner when the judge had made "the painstaking effort...to craft a *county prison* sentence...." *Armstrong,* 802 A.2d at 678 (McEwen, P.J.E. Concurring).

**5.** *Welgos's* discussion of *Armstrong* is *dicta,* for the sentencing court in *Welgos* never commented that the sentence imposed was a "state sentence." *Armstrong,* therefore, was not controlling. *See Welgos,* 831 A.2d at 722.

ty prison within the jurisdiction of the court except that as facilities become available on dates and in areas designated by the Governor in proclamations declaring the availability of State correctional facilities, such persons may be committed to the Bureau of Corrections for confinement.

42 Pa.C.S.A. § 9762.

¶ 8 Statutes are to be interpreted by their plain meaning. 1 Pa.C.S.A. § 1921(b), and the plain meaning of Section 9762 is that length of maximum sentence determines where a prisoner is committed. Subsection (1) provides that persons serving five or more years' imprisonment are automatically committed to the Bureau of Corrections. Subsection (3) provides that persons serving less than two years' imprisonment are automatically committed to the county prison within the court's jurisdiction (absent a specific Governor's proclamation permitting the court to instead commit the prisoner to the Bureau). Subsections (1) and (3), therefore, provide for prescribed commitments of, and corresponding jurisdiction over, prisoners contemplated in those subsections.

¶ 9 There is no single prescribed commitment for persons, such as Appellee, whose maximum sentences subject them instead to subsection (2), for a court of common pleas in those cases has the choice of either committing the person to the Bureau of Corrections or committing him instead to the county prison. What remains prescribed under subsection (2), however, is the jurisdiction over the pris-

oner once the location of his commitment is chosen.

¶ 10 Indeed, it is plainly evident that the court retains jurisdiction over a person committed to the county prison "within the jurisdiction of the court," and yields jurisdiction when the person is instead committed to the Bureau. Subsection (2) therefore admits of no other basis but location of the commitment to determine general jurisdiction over prisoners. Stated another way, jurisdiction under Section 9762 depends on the prisoner's place of confinement.

¶ 11 Providing for general jurisdiction over prisoners in this way, Section 9762(2) harmonizes with the Penal Code's Sections 1051, 1052, 1053, and 2141, all of which specifically designate jurisdiction over temporary furlough/release according to where the prisoner is committed.[6] As noted above, Sections 1051, 1052, and 1053 together establish that the Bureau of Corrections (or the Board of Pardons in contested matters) has exclusive authority to order furlough/early release of persons committed to the Bureau. *See* 61 P.S. §§ 1051, 1052, 1053.

¶ 12 Section 2141, meanwhile, gives exclusive temporary furlough authority to the court of common pleas when the prisoner is committed to county prison on a maximum sentence of less than five years. *See Finn, supra* (reiterating a court's authority under Section 2141 to furlough county inmates serving less than five year sentences). Specifically, Section 2141 provides in pertinent part:

**2141. Court order; purposes**

6. Only for parole will a person committed to county prison under 9762(2) fall under the jurisdiction of the state rather than under the jurisdiction of the court of common pleas. It is worth noting, however, that 61 P.S. § 331.17 vests jurisdiction over parole not to the Bureau of Corrections, but to the Parole

Board, an entity not even mentioned in 9762(2). There is no reason, therefore, to construe a court's comment that a sentence is a state sentence for purposes of parole as having any effect on the court's continuing jurisdiction under 9762(2) and 2141.

Whenever any person has been sentenced to undergo *imprisonment in a county jail . . . for a term of less than five years the court*, at the time of sentence or any time thereafter upon application made therefore, may by order direct the administrative head of a jail to permit the prisoner to leave the jail during necessary and reasonable hours for the purpose of working at his employment, . . ., including housekeeping and attending to the needs of family . . . as *the court* shall consider necessary and appropriate. . . .

61 P.S. § 2141 (emphasis added).

¶ 13 Section 2141 therefore expressly conditions a court's furlough jurisdiction on two, and only two, factors: that the prisoner is committed to county jail, and that his sentence is less than five years—the same two factors that vest the court with general jurisdiction over a prisoner via the Judicial Code's Section 9762(2). As has recently been noted by this Court, the legislature has thus "provided a bright line rule for settling this issue [of temporary furlough jurisdiction]." *Welgos*, 831 A.2d at 723.

¶ 14 This statutory scheme compels us to adopt the observations made in *Welgos* that *Armstrong* erroneously calls for this Court to infer jurisdiction from a sentencing court's fortuitous choice of words, when the legislature clearly intended for the design of the sentence to determine jurisdiction. Not only is this bright-line test statutorily prescribed, moreover, it is the better policy as well, for the certainty and predictability it supplies helps avoid the problem inherent in *Armstrong* of attempting to infer a court's intent on furlough matters from words that were just as likely directed to the separate topic of parole.

¶ 15 For example, in the case *sub judice*, the sentencing court explains in its Section 1925(a) opinion that it called Appellee's sentence a "state sentence" only for purposes of parole. As to the separate question of whether the court had furlough authority, the sentencing court asserts that Appellee "is not a state prisoner because he was not lodged in a state correctional facility. [Appellee] was sentenced to a county prison therefore making him a county prisoner." Sentencing Court's Pa. R.A.P. 1925(a) Opinion at 2.

¶ 16 Yet, this fact does not help distinguish the present case from *Armstrong*, where the prisoner was held to be a state prisoner even though the judge in that case deliberately committed him to county prison instead of state prison. Furthermore, much like in *Armstrong*, the transcript before us does not unequivocally establish that the court intended to confine the words "state sentence" to matters of parole: "The State will have jurisdiction of parole on this matter. This Court will not, since it's a state sentence. I will allow you to serve it in the county, . . . ." N.T. at 7. Though the opening comment pertains explicitly to parole, the subsequent comments "it's a state sentence. I will allow you to serve it in the county." may reasonably be read as a broader designation of the sentence. The court offers an after-the-fact explanation of what it really intended, but jurists may still disagree under *Armstrong* as to whether the court's actual words used at the hearing automatically divested it of Section 2141 jurisdiction. Thus exist the practical shortcomings of *Armstrong* as compared to the unambiguous test of jurisdiction contained within Section 2141.

¶ 17 In light of the foregoing, we overturn *Armstrong*, and hold that jurisdiction to order furlough/temporary release depends on the facility where the prisoner is confined and the duration of his maximum sentence, as provided in the clear directive

61 P.S. § 2141. Where, as here, a court is confronted with a 42 Pa.C.S.A. § 9762(2) sentencing decision and elects to commit a defendant to county prison *within the jurisdiction of the court,* then that defendant's furlough/release request remains within the jurisdiction of the court as well. Accordingly, the Commonwealth's jurisdictional challenge being without merit, we affirm the sentencing court's order granting temporary furlough to Appellee.

¶ 18 Order is affirmed.

¶ 19 TODD, J., concurs in the result.