**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Michael A. KEHOE, Appellee.**

Superior Court of Pennsylvania.

Argued March 2, 2004.

Filed Dec. 10, 2004.

David W. Lupas, Asst. Dist. Atty., Wilkes-Barre, for Com., appellant.

John Hakim, Wilkes-Barre, for appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT, STEVENS, ORIE MELVIN, LALLY–GREEN, TODD, GANTMAN, McCAFFERY, and PANELLA, JJ.

STEVENS, J.:

¶ 1 The Commonwealth appeals from the order entered by the Court of Common Pleas of Luzerne County, which acted under 61 P.S. § 2141 in granting Appellee a temporary furlough from county prison to attend an inpatient drug treatment program at a separate rehabilitation center. Specifically, the Commonwealth argues that the court lacked furlough jurisdiction under Section 2141 because Appellee "was serving a state sentence with a minimum of two years that placed him within the

exclusive jurisdiction of the State Bureau of Corrections." At Appellee's sentencing hearing, the court did in fact state that Appellee's two to four year sentence placed him under the supervision of the Pennsylvania Board of Parole.

¶ 2 The issue before us is whether a sentencing court divests itself of jurisdiction to order temporary furlough under Section 2141 if the court comments in some respect that the prisoner's sentence comes under the jurisdiction of the state. Following our decision in *Commonwealth v. Mefford,* 863 A.2d 1206, 2004 WL 2828794 (Pa.Super. 2004) (*En Banc*), we hold that Section 2141 gives courts categorical authority to order the temporary furlough of county prisoners serving less than five year maximum sentences. Accordingly, we affirm.

¶ 3 Appellee pleaded guilty to one count of delivery of a controlled substance, and, on May 15, 2001, the court sentenced him to a mandatory term of imprisonment of two to four years in the Luzerne County Correctional Facility. As part of the negotiation, the Commonwealth agreed not to oppose Appellee's request for immediate work release, which the court granted.

¶ 4 Before adjourning, however, the court began to outline conditions of probation on the mistaken belief that Appellee would be eligible for county probation. In fact, Appellee's two year minimum sentence placed him in the state parole system. When the court realized its mistake, it said the following:

> THE COURT: I'm sorry. It has to be two to four years mandatory, so you're [the prosecutor] correct. I'm going to change that. That's four and then I'm going to change the probation. We're not going to have the probation. Man-

datory two. It has to be two to four years. You'll be under the supervision of the Pennsylvania Board of Pennsylvania [sic] and Parole—.

> PROSECUTOR: He's going to be permitted to serve that in the Luzerne County Facility?

> THE COURT: Yes. Immediate work release.... That's my decision and not the Pennsylvania Board. But if he violates, he'll be removed.

N.T. 5/15/01 at 11–12. The record indicates that the court periodically reinstated work release orders over the next year and one-half.

¶ 5 In January, 2003, Appellee filed a Petition for Furlough or Treatment so that he could attend a six-month inpatient rehabilitation program at the Madison House drug treatment facility in York. The court of common pleas reasoned that it could grant Appellee release under Section 2141 of the Penal Code because Appellee was a county inmate serving a qualifying sentence of less than five years' imprisonment.

¶ 6 In objection to Appellee's request, the Commonwealth cited *Commonwealth v. Armstrong,* 802 A.2d 675 (Pa.Super.2002) and its holding that Section 2141 does not apply to state sentences that come under the exclusive jurisdiction of the State Bureau of Corrections. The lower court opined *Armstrong* was distinguishable on its facts,[1] however, and indicated that the present case instead came under *Commonwealth v. Finn,* 808 A.2d 204 (Pa.Super.2002), which reiterated a court's jurisdiction under Section 2141 to furlough county inmates serving less than five year sentences. The court, therefore,

---

1. The lower court relied on a mischaracterization of *Armstrong's* facts in distinguishing it from the present case, for *Armstrong* did not involve, as the lower court asserted, an in- mate housed in state prison. Both *Armstrong* and the present case involved county inmates serving less than five year maximum sentences.

acted under Section 2141 and ordered that Appellee be furloughed to Madison House that day. The Commonwealth appeals from that order.[2]

¶ 7 In its Pa.R.A.P. 1925(a) opinion, the court of common pleas states it had jurisdiction to furlough Appellee pursuant to Section 2141 of the Penal Code. Specifically, Section 2141 provides:

**2141. Court order; purposes**

> Whenever any person has been sentenced to undergo imprisonment in a **county jail** or workhouse, hereafter referred to as a jail, **for a term of less than five years the court**, at the time of sentence or at any time thereafter upon application made therefore, may by order direct the sheriff, prison keeper, jail keeper, warden or other administrative head of a jail to permit the prisoner to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attendance at an educational institution, securing medical treatment or such other lawful purposes **as the court shall consider necessary** and appropriate. The order of the court may be rescinded or modified at any time with or without notice to the prisoner.

61 P.S. § 2141 (emphasis added).

¶ 8 The Commonwealth argues that the court did not have jurisdiction to furlough Appellee pursuant to Section 2141 because Appellee "was serving a state sentence with a minimum of two (2) years, and was under the exclusive control of the Bureau of Corrections." Brief for Commonwealth at 8. To support its position, the Commonwealth relies on *Commonwealth v. Benn*, 451 Pa.Super. 538, 680 A.2d 896 (1996), where we held that a person committed to state prison on a four to eight year sentence is serving a "state sentence" outside the furlough jurisdiction of the court. This determination was based upon 42 Pa. C.S.A. § 9762(1), which mandates that a person receiving a maximum sentence of five or more years be committed to the State Bureau of Corrections for confinement.[3]

¶ 9 *Benn* is clearly inapposite to the present case, for Appellee's two to four year sentence did not implicate the mandatory provisions of Section 9762(1), it implicated the discretionary provisions of Section 9762(2), which gives courts the option of committing persons receiving maximum sentences of two to less-than-five years either to the State Bureau or to the county prison *within the jurisdiction of the court.* This Court, *en banc*, has recently clarified

**2.** The record shows that Appellee never reported to the Madison House, and a bench warrant was issued. Eventually apprehended, Appellee was returned to the county prison, after which a subsequent furlough petition was denied. Although we may therefore consider the present case moot, we follow the logic in *Commonwealth v. Benn*, 451 Pa.Super. 538, 680 A.2d 896, 897–898 (1996) in finding exceptions to the mootness doctrine have been met, namely, (1) the issue is one of great public importance since it involves a fundamental question as to the nature and extent of judicial power, and (2) the issue is capable of repetition yet escaping judicial review since furloughs will almost always pre-date appellate review, and dismissing them as moot because the furlough has lapsed would necessarily preclude effective appellate review.

**3.** Even if the prisoner had somehow been housed in county prison, we noted, his eight year maximum sentence still took him outside the reach of Section 2141, which conditions a court's furlough jurisdiction on a less-than-five year maximum sentence.

that in Section 9762(2) cases, place of commitment generally determines jurisdiction over the person so confined.

¶ 10 In *Mefford, supra*, we explained that when a court exercises its option under Section 9762(2) to commit a person to county prison, the court retains general jurisdiction over that prisoner's confinement in all respects except for parole, which 61 P.S. § 331.17 vests with the State Parole Board. This interpretation dovetails with the clear legislative intent in Section 2141 that courts of common pleas retain jurisdiction to order temporary furlough of persons who have been committed to county prison and who are serving less-than-five year sentences. *See Mefford,* 863 A.2d at 1209–10.

¶ 11 Such a bright-line rule for determining furlough jurisdiction was not only statutorily prescribed, we reasoned, but was also a superior policy ensuring predictability and certainty in deciding such matters. We accordingly overturned our earlier panel decision in *Armstrong, supra,* which eschewed this bright-line rule in favor of looking to a sentencing court's comments to determine whether a Section 9762(2) sentence came under state or county furlough jurisdiction.

¶ 12 The case at bar underscores the undesirability of looking to a court's fortuitous use or nonuse of particular words, rather than to place of confinement and duration of sentence, to determine furlough jurisdiction. Here, the sentencing court stated that Appellee's sentence came under the State Bureau of Parole, and it has since opined in its 1925(a) opinion that Appellee was serving "a state sentence in county jail." Under *Armstrong,* reasonable minds could disagree as to whether

such words were confined to parole issues or instead invoked state jurisdiction over all aspects of confinement.

¶ 13 Yet, the design of Appellee's sentence leaves no doubt under the Penal and Judicial Codes that the court of common pleas retained jurisdiction over Appellee's furlough request. Appellee was committed to the county prison within the jurisdiction of the court pursuant to Section 9762(2), and met the criteria of Section 2141 to come within the exclusive furlough jurisdiction of the court. Indeed, the court had previously granted a work release furlough on the day of sentencing without objection by the Commonwealth.

¶ 14 Therefore, applying *Mefford,* we hold that the Court of Common Pleas of Luzerne County had jurisdiction under 61 P.S. § 2141 to enter an order granting a drug rehabilitation furlough to Appellee.[4] The court's jurisdiction in this regard exists notwithstanding the court's reference to the State Board of Parole during the sentencing hearing, and to Appellee's "state sentence" in the 1925(a) opinion. Accordingly, we affirm the order entered below.

¶ 15 Order is affirmed.

¶ 16 TODD, J., concurs in the result.

---

4. We note that the Commonwealth also raised the bald allegation that Section 2141 does not authorize courts to furlough prisoners for rehabilitative reasons. The plain language of Section 2141 shows otherwise, for it permits courts to furlough prisoners for, *inter alia,* "medical treatment or such other lawful purposes as the court shall consider necessary and appropriate." 61 P.S. § 2141, *supra.*