J-S43002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE WATKINS, | |
| Appellant | No. 1988 EDA 2014 |

Appeal from the Judgment of Sentence of June 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001902-2011, CP-51-CR-0001903-2011, CP-51-CR-0001905-2011, CP-51-CR-0001906-2011, CP-51-CR-0001907-2011 and CP-51-CR-0001931-2011.

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 21, 2015**

Appellant, Andre Watkins, appeals from the judgment of sentence entered on June 9, 2014 in the Criminal Division of the Court of Common Pleas of Philadelphia County, as made final by the denial of Appellant's post-sentence motion.  On appeal, Appellant claims that the trial court erred in denying his post-sentence motion to withdraw his guilty pleas.  After careful consideration, we agree and, therefore, we are constrained to vacate and remand for further proceedings.

The facts are not in dispute.  In September and October 2010, Appellant, acting in league with other individuals, burglarized six residences located within the City and County of Philadelphia.  On October 14, 2010,

Appellant was arrested and charged with six counts each of burglary,[1] criminal conspiracy,[2] and related offenses. At the time of his arrest, Appellant was on state parole.

Following a consolidated preliminary hearing, Appellant's charges were held for court. On August 13, 2012, Appellant entered an open guilty plea and the court deferred sentencing until October 5, 2012. While awaiting sentence, Appellant moved to withdraw his guilty plea. On November 27, 2012, the trial court granted this request. As a result, the charges originally filed against Appellant were listed for trial on December 5, 2012. However, the case was continued until September 9, 2013. On September 9, 2013, the matter was again continued until June 2, 2014. Following two additional continuances, the case was listed for a non-trial disposition on June 9, 2014, nearly four years after Appellant's arrest. On that day, the trial court convened a plea hearing, accepted Appellant's negotiated guilty pleas to six counts each of burglary and conspiracy, and sentenced him to three to ten years' incarceration on each offense.[3] The trial court's sentencing order

_____

[1] 18 Pa.C.S.A. § 3502(a).

[2] 18 Pa.C.S.A. § 903(c).

[3] As we shall explain in further detail below, the trial court modified the terms of the Commonwealth's sentencing recommendation before imposing its sentence upon Appellant.

- 2 -

further directed that Appellant be paroled immediately and that he receive credit for time served. All of Appellant's sentences were to run concurrently.

Upon learning that the trial court lacked authority to order immediate parole for a ten-year state commitment, Appellant filed a timely post-sentence motion to withdraw his guilty plea. The trial court denied this motion after hearing argument on July 9, 2014. A notice of appeal followed that same day. On September 17, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension, Appellant filed his concise statement on October 16, 2014. The trial court issued its opinion on October 29, 2014.

> Appellant's brief raises the following questions for our review:
>
> Was Appellant's guilty plea knowing, intelligent, and voluntary?
>
> Did the trial court abuse its discretion in denying Appellant's post-sentence motion to withdraw his guilty plea?

Appellant's Brief at 3.[4]

Because Appellant's claims are interrelated, we shall address them in a single discussion. Appellant alleges that the trial court erred in denying his motion to withdraw his guilty plea on grounds that it was not entered in a knowing, intelligent, and voluntary manner. In his first claim, Appellant asserts that the trial court misrepresented its authority to order immediate

---

[4] The Commonwealth has not filed a brief in this case.

parole for a sentence exceeding two years and, therefore, his plea is invalid. Appellant's second claim asserts that the Commonwealth violated the terms of the negotiated plea agreement since it was unable to honor the obligations that it made. For the following reasons, we agree.

> [A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. []
>
> To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, inter alia, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (internal citations and quotations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014).

We have carefully reviewed the totality of the circumstances surrounding the entry of Appellant's guilty pleas, including the written plea agreement executed by Appellant and the Commonwealth, the notes of

testimony from Appellant's plea hearing, and the transcript of the argument on Appellant's post-sentence motion to withdraw. Based upon our review of these materials, we conclude that Appellant did not enter his pleas in a knowing and intelligent manner. Thus, his pleas are invalid and the trial court should have granted his motion to withdraw.

In this case, Appellant executed written plea agreements in which he admitted the commission of six counts each of burglary and criminal conspiracy. In exchange, the Commonwealth agreed to make a sentencing recommendation of time served to ten years on all counts, to be served on a concurrent basis. Appellant's written plea agreements specifically allowed him to withdraw his pleas if the trial court rejected the plea bargain.

At the plea/sentencing hearing, the trial court accepted Appellant's pleas after establishing a factual predicate for Appellant's offenses and appropriately instructing Appellant about his rights and the consequences of his guilty pleas. However, after learning that the originally negotiated minimum sentence of "time served" was incompatible with the sentencing code, the court modified Appellant's sentence to three to ten years' imprisonment, with immediate parole. *See* N.T., 6/9/14, at 15-20; *see also* 42 Pa.C.S.A. § 9756(b) (trial court must specify a minimum sentence which is no more than half of maximum sentence); *Commonwealth v. Robinson*, 7 A.3d 868, 870 (Pa. Super. 2010) (sentence that does not specify minimum and maximum terms is illegal). The following exchange

occurred while the parties and the trial court considered modifications to the negotiated sentence.

> THE COURT:  So [Appellant wants his sentence] to remain time served to ten years, is that what you're arguing?
>
> [APPELLANT]:  Yes, if it's possible.
>
> THE COURT:  Let me see if that's possible.
>
> [DISTRICT ATTORNEY]:  It doesn't make a difference because either way –
>
> THE COURT:  If that's what he wants, we'll give him the time served to ten years.  Does that make a difference?  I'm asking the clerk.
>
> [DEFENSE COUNSEL]:  That's the way I had negotiated –
>
> THE COURT:  That's the way it is on the [written plea agreements].  Does that make a difference?
>
> COURT CLERK:  It does, because there's no time served to ten years in the system.
>
> [DEFENSE COUNSEL]:  So it's immediate parole.
>
> [DISTRICT ATTORNEY]:  The whole purpose behind saying time served is so that he is – so **we are basically putting on the record that he has served the amount of time that we are requesting**, which is why when His Honor suggested three, that's even less than what [Appellant has] served.  That's why we were doing it that way.
>
> Now my thought process, when I talked to [defense counsel], was the difficulty of the Court being able to actually calculate what is time served.  But, essentially, that is what we're doing.  We just kind of have to give it a number so it can go into the system.
>
> [APPELLANT]:  Yes. And I do understand you clearly.  That's why I asked Your Honor –

[THE COURT]: So we would –

[DISTRICT ATTORNEY]: That's a whole separate issue that he would have to deal with. He would deal with that issue separately.

[COURT CLERK]: Immediate parole would be the same as time served.

[DEFENSE COUNSEL]: Could Your Honor order that this be county parole?

[THE COURT]: I can't do that. Anything over two years, I can't do that, no. You want me to say what?

[APPELLANT]: I was asking if it's possible for supervision by the state.

[THE COURT]: It will be supervised by the state.

[APPELLANT]: So even probation, see what I'm saying?

[THE COURT]: You're not getting probation. Your parole will be supervised by the state. It's a state sentence.

So you're saying I can say three to ten years' incarceration with immediate parole, credit for time served, to run concurrent on both charges, and concurrent on all other bills?

N.T., 6/9/14, at 17-20 (emphasis added).

From the foregoing exchange, we conclude that, while the trial court modified the negotiated sentence from "time served to ten years" to "three to ten years incarceration with immediate parole, credit for time served," its purpose was to adapt the agreement of the parties into a system-compatible format and, thereby, enforce the bargain struck between Appellant and the Commonwealth. To accomplish this goal, the court substituted the term "three years" for "time served" and added the condition of immediate parole.

- 7 -

In addition, based upon the statements by the district attorney, defense counsel, and the trial court, we read the term "immediate parole" to refer to immediate release supervised by the state parole board, since the participants in the exchange contemplated that Appellant had already served the amount of time the Commonwealth requested on this case. The terms incorporated into the sentencing order confirm this understanding. The sentencing order states that Appellant is to be "paroled immediately" and that he is to be supervised by the state parole board. Sentencing Order, 6/9/14, at 1.

Appellant promptly moved to withdraw his guilty plea when he discovered that the trial court lacked authority to grant immediate parole to an individual committed to a state facility. *See* N.T., 7/9/14, at 5; 42 Pa.C.S.A. § 9762(b) (individuals sentenced to maximum terms of five or more years shall be committed to Department of Corrections); 61 Pa.C.S.A. § 6132 (Pennsylvania Board of Probation and Parole has exclusive power to parole individuals sentenced to state correctional institutions); *Commonwealth v. Mefford*, 863 A.2d 1206, 1209 (Pa. Super. 2004) (jurisdiction over prisoner depends on inmate's place of incarceration under § 9762). During argument on Appellant's motion to withdraw his plea, a district attorney (who did not appear at Appellant's plea hearing) argued that the parties crafted the terms of Appellant's sentence to reflect that he served "most" of his sentence and that Appellant was well aware that the

state parole board had the ultimate authority to grant parole. N.T., 7/9/14, at 6-7. However, our reading of Appellant's sentencing transcript belies these contentions. Moreover, since the Commonwealth has failed to file a brief, we have no choice but to conclude that it has elected not to defend these positions on appeal.

The trial court in its Rule 1925(a) opinion argues that Appellant is not entitled to relief because the modified terms of Appellant's sentence did not materially change the essential features of Appellant's plea agreement. In particular, the trial court points out that, "in its original formulation, [Appellant's recommended sentence] specified time served to ten years' incarceration, thereby implicating the Pennsylvania Board of Probation and Parole as the paroling authority." Trial Court Opinion, 10/29/14, at 3. The court next explains that the phrase "time served" was included to reflect a minimum sentence that did not exceed the time accrued by Appellant up to that point. *Id*. The trial court thus concludes that, "because the modified minimum term was less than Appellant's approximate time credit, the sentence preserved the essential characteristic of the originally contemplated sentence – the satisfaction of the minimum term and parole eligibility." *Id.*

Although we concede that there is some persuasive force in the trial court's argument, we find that the record is insufficient to establish that Appellant understood the consequences of the modified terms of the

sentence that was imposed. No one at Appellant's sentencing hearing, not the trial court, the district attorney, or defense counsel, stated on the record for Appellant's edification that the trial court lacked the authority to order immediate parole on a state sentence and that Appellant would be subject to the determinations made by the state parole board. If the court intended to use its order directing "immediate parole" to refer merely to a recommendation for parole eligibility, then it needed to say so clearly. In the absence of such a clarification, we cannot conclude that Appellant knowingly entered his guilty pleas in this case. For these reasons, we conclude, under the totality of circumstances, that Appellant's pleas are invalid and that the trial court should have permitted their withdrawal. Accordingly, we vacate the judgment of sentence and remand for further proceedings.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2015

- 10 -