**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Timothy Nolan FLAHERTY, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 11, 2013.

Filed March 31, 2014.

Sarah A. Wilson, Assistant District Attorney, Milford, for Commonwealth, appellant.

Robert M. Buttner, Scranton, for appellee.

BEFORE: BENDER, P.J., LAZARUS, J., and FITZGERALD, J.*

OPINION BY LAZARUS, J.

The Commonwealth of Pennsylvania appeals from orders of the Court of Common Pleas of Pike County granting Timothy Flaherty a furlough from the county correctional facility to attend a veterans' post-traumatic stress syndrome (PTSD) treatment program. Upon careful review, we are compelled to reverse.

The trial court set forth the following factual and procedural history of this case:

[Flaherty], a seriously disabled veteran, was charged with thirteen offenses stemming from two separate incidents involving driving under the influence of alcohol. On January 10, 2013, [Flaherty] entered an open plea of guilty to the following six charges: on Criminal Information 320-2-12, Count 2 Driving Under the Influence; Count 3 Accidents Involving Death or Injury While Not Properly Licensed; Count 7 Duty to Give Information or Render Aid; and Count 8 Driving While Operating Privilege is Suspended or Revoked. On Criminal Information 321-2012 [Flaherty] also entered a plea of guilty to Count 2 Driving Under the Influence and Count 8 Driving While Operating Privilege is Suspended or Revoked. On the day of sentencing [Flaherty] filed a Petition for Furlough seeking to receive inpatient treatment at a Residential Treatment Program which specializes in PTSD in Montrose, New York.

[Flaherty] was sentenced to a term of incarceration of not less than one year plus ninety days but not more than five years to be served in the Pike County Correctional Facility. In the February 28, 2013 Sentencing Order this Court specifically stated that, "This Court shall retain jurisdiction in this matter for purpose of Parole."

A hearing on the Petition for Furlough was set for March 4, 2013. At the hearing, the Commonwealth made an oral Motion for Continuance in order to contact the victims and have them present should they wish to be. The Motion was granted and the hearing was held on March 11, 2013. Following the hearing, this Court granted the Petition for Release on Furlough and [Flaherty] was to be released to the aforementioned treatment facility into a forty-five day treatment program once space became available for him. The Court further ordered that transportation be provided by [Flaherty's] grandmother, that if he leaves the treatment facility either voluntarily or involuntarily he report back to the Pike County Correctional Facility immediately; and that any credit for time in the treatment facility be evaluated by this Court at the completion of the program.

On March 14, 2013, the Commonwealth filed a Petition for Rescission of the Furlough on the grounds of an active bench warrant for [Flaherty's] arrest in Dauphin County. The Petition was granted and an order was entered rescinding the previous furlough order. On March 19, 2013, [Flaherty] filed a new Petition for Furlough in which he averred that the bench warrant was issued in error and has since been rescinded. The Petition included a March 13, 2013 court order from Dauphin County in which the bench warrant was rescinded. The matter was again set for hearing on March 20, 2013.

Following the hearing, [Flaherty's] Petition for Release on Furlough was granted and [Flaherty] was to be released

* Former Justice specially assigned to the Superior Court.

under and subject to this Court's Furlough Order of March 11, 2013.[3]

[3] After [Flaherty] successfully completed the forty-five day treatment program he petitioned the Court for a furlough extension so he can remain at the in-treatment PTSD facility and continue receiving services. The petition was granted following a hearing on May 2, 2013.

Trial Court Opinion, 5/31/13, at 1–3.

On April 3, 2013, the Commonwealth filed a notice of appeal from the March 11, 2013 and March 20, 2013 orders granting a furlough for the forty-five day treatment program. On May 14, 2013, the Commonwealth filed a notice of appeal from the May 2, 2013 order granting a four-month extension to the furlough.[1] We consolidated the appeals pursuant to Pa.R.A.P. 513.

The Commonwealth raises the following issues for our review:

1. Whether the court committed an error of law when permitting an offender sentenced to a maximum term of incarceration of five years to leave incarceration when the statute permitting release only allows for such when a maximum sentence is less than five years'. incarceration.

2. Whether the court committed an error of law in allowing [Flaherty] to leave incarceration when he is subject to a one-year minimum mandatory sentence for his DUI conviction and he is precluded from eligibility for intermediate punishment be-

cause one of the offenses for which he was sentenced constitutes a fourth DUI conviction within ten years?

Commonwealth's Brief, at 12.

■ Initially, we note, "a trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Commonwealth v. Williams*, 871 A.2d 254, 262 (Pa.Super.2005).[2]

Significantly, the instant appeal does not involve a challenge to Flaherty's sentence. Nevertheless, in its Pa.R.A.P. 1925(a) opinion the trial court focuses its analysis on two sentencing provisions of the Vehicle Code, 75 Pa.C.S. §§ 101–6506. Section 3904(d) provides:

(d) Extended supervision of court—If a person is sentenced pursuant to this chapter and, after the initial assessment required by section 3814(1) [ (evaluation for alcohol or other drug involvement) ], the person is determined to be in need of additional treatment pursuant to section 3814(2) [ (assessment for alcohol and drug addiction) ], the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. A sentence to the statutorily available maximum imposed pursuant to this subsection may, in the discretion of the sentencing court, be ordered to be served in a county prison, notwithstand-

---

1. On September 26, 2013, the trial court entered an order extending the furlough for an additional three months. The Commonwealth filed a notice of appeal on October 16, 2013 from this order. *Commonwealth v. Flaherty*, 2888 EDA 2013. By order dated November 26, 2013, this Court denied the Commonwealth's motion to consolidate the appeals and continue oral argument.

2. Because Flaherty's furlough appears to have been completed, it may be argued that this

appeal is moot. However, this case presents an issue of public importance regarding the authority of the court of common pleas. Furthermore, the issue is capable of repetition yet escaping judicial review because furloughs are often completed before appellate review. Accordingly, we will reach the merits of the appeal. *See Commonwealth v. Kehoe*, 863 A.2d 1202, 1204 n. 2 (Pa.Super.2004); *Commonwealth v. Benn*, 451 Pa.Super. 538, 680 A.2d 896, 897–98 (1996).

ing the provisions of 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement).

75 Pa.C.S. § 3804(d).

Section 3815(a), governing mandatory sentencing, provides:

(a) County supervision.—Notwithstanding the length of any maximum term of imprisonment imposed pursuant to sections 3803 (relating to grading) and 3804 (relating to penalties, and notwithstanding the provisions of section 17 of the act of August 6, 1941 (P.L. 861, No. 323)), referred to as the Pennsylvania Board of Probation and Parole Law, the sentencing judge may grant parole under the supervision of the county parole system to any offender serving a sentence for a violation of section 3802 (relating to driving under the influence of alcohol or controlled substance) and, if applicable, serving any concurrent sentence of imprisonment for any misdemeanor offense arising from the same criminal episode as the violation of section 3802. The power of the sentencing judge to grant parole shall apply only to those offenders whose sentences are being served in a county prison pursuant to 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement) or section 3904(d). The sentencing judge shall declare his intention to retain parole authority and supervision at the time of sentencing in cases in which he would not otherwise have parole authority and supervision.

75 Pa.C.S. § 3815(a).[3]

In its Rule 1925(a) opinion, the trial court states that it "is unaware of any provision of the law which limits or eliminates the authority of the sentencing court to grant a furlough to a prisoner in the county correctional facility based upon appropriate circumstances and verifiable need." Trial Court Opinion, 5/31/13, at 5. We disagree.

Section 9813(a) of the Sentencing Code provides:

(a) Generally.—Notwithstanding any provision of law, if any offender has been sentenced to undergo imprisonment in a county jail for a term of *less* than five years, the court, at the time of sentence or at any time thereafter upon application made in accordance with this section, may enter an order making the offender eligible to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attending an educational institution, securing medical treatment or for other lawful purposes as the court shall consider necessary and appropriate.

42 Pa.C.S. § 9813 (emphasis added).

In addressing 62 P.S. § 2141, which was the predecessor of section 9813, this Court noted that the statute "expressly conditions a court's furlough jurisdiction on two, and only two factors: that the prisoner is committed to county jail, and that his sentence is for *less* than five years[.]" *Commonwealth v. Mefford,* —— Pa. ——, 863 A.2d 1206, 1210 (2004) (emphasis added).

 Here, it is clear that Flaherty does not meet the requirements of section 9813 because his maximum sentence is for five years, not "for less than five years," as required by the statute. Nevertheless, Flaherty argues section 9813 should not

---

**3.** Although not discussed by the trial court, it is significant that under section 3815(b) of the Vehicle Code, an offender in need of drug and alcohol treatment is eligible for parole "following the expiration of the offender's mandatory minimum term of imprisonment."

apply in this case because "[a]llowing a county judge to decide whether a prisoner, who is specifically under the supervision and parole authority of that judge, is eligible for furlough, is the only interpretation of the allegedly dueling statutes that allows for the fair and effective administration of justice." Appellee's Brief, at 16.

Summarizing the applicable rules of statutory construction, our Supreme Court has noted:

> When evaluating the interplay of several statutory provisions, we recognize that statutes that relate to the same class of persons are *in pari materia* and should be construed together, if possible, as one statute. When two statutes appear to conflict, they shall be construed so that effect may be given to both, if possible. When the conflict between the provisions cannot be reconciled, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail. Finally, if there is a conflict among statutes enacted by different General Assemblies, the statute latest in date of final enactment shall prevail.

*Commonwealth v. Hansley*, 616 Pa. 367, 47 A.3d 1180, 1186 (2012) (quotations and citations omitted).

Section 9762 of the Sentencing Code, 42 Pa.C.S. § 9762, provides that all persons sentenced to "maximum terms of five years or more shall be committed to the Bureau of Corrections for confinement." The Legislature created an exception to the provision in section 3804 of the Vehicle Code, which provides that DUI offenders subject to a maximum sentence of five

years may serve their confinement in a county facility. Section 3815 of the Vehicle Code further grants the sentencing judge parole supervision over offenders whose sentences are being served in county prison. These provisions became effective February 1, 2004.

Section 9813, which authorizes courts to allow offenders sentenced to a maximum term of less than five years to leave jail for lawful purposes, became effective November 24, 2008. The fact that the statute does not apply to offenders serving a maximum sentence of five years does not conflict with the sentencing provisions of the DUI law. Rather, the Legislature has made a policy decision that repeat DUI offenders must serve their minimum mandatory sentence pursuant to section 3815(b) of the Vehicle Code before the court may furlough them to receive treatment.

Notwithstanding its good intentions, the Court of Common Pleas of Pike County did not have authority to grant Flaherty's request for a furlough. Accordingly, we are compelled to reverse the orders granting the furlough and the petition for extension.[4]

Orders reversed.

BENDER, President Judge, joins.

FITZGERALD, J., files a Concurring Statement, in which BENDER, P.J. also joins.

CONCURRING STATEMENT BY FITZGERALD, J.:

I am constrained to agree with the majority that the trial court's authority to furlough Appellant was circumscribed by

---

4. In light of our disposition of the Commonwealth's first issue, we do not reach the second issue.

the five-year maximum sentence it imposed. *See* 42 Pa.C.S. § 9813(a). I also agree that the parole authority of the trial court under 75 Pa.C.S. § 3815 was limited. *See* 75 Pa.C.S. § 3815(b)(1) (discussing eligibility provisions for parole "following the expiration of the offender's mandatory minimum term of imprisonment"), (b)(2) (discussing mandatory conditions of parole). Moreover, I agree that neither Section 9813 nor Section 3815 vested the trial court with the authority either to furlough or parole Appellant under the circumstances of this case. I write separately, however, to express my view that the record supported the trial court's equitable balancing of the individualized sentencing factors presented in this case.

Appellant is presently thirty-two years old. In 2000, he entered military service in the United States Army, where he achieved the rank of staff sergeant. Two years after his enlistment, he was deployed to Afghanistan, at which time he was twenty years old. Three years later, in 2005, an improvised explosive device destroyed the vehicle in which he was traveling. Appellant was the sole survivor of that ambush, but was severely wounded. Prior to this event, Appellant had no criminal record or documented substance abuse issues.

Thereafter, while still in the service, Appellant's alcohol and substance abuse issues became manifest. He was arrested and convicted for driving under the influence in North Carolina in May of 2008 and in Pike County, Pennsylvania in January of 2010.[1] Additionally, he received a nonjudicial punishment under the Uniform Code of Military Justice in February of 2009, for using cocaine. He was demoted from sergeant to private. He ultimately sought and received an honorable discharge from the military in November of 2010. He was formally diagnosed with post traumatic stress disorder and bipolar disorder. During his three-plus years out of the service, he compiled two more convictions for driving under the influence, one in Harrisburg, Pennsylvania, and the instant offense in Pike County.

There is no doubt that Appellant was previously afforded opportunities for rehabilitation, but did not do so. Moreover, the offense *sub judice* were grave, and the impacts on the community and the life of the injured victim were serious. Nevertheless, I believe the trial court appropriately considered the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant when it ordered treatment through a specialized residential PTSD program. *See* 42 Pa.C.S. § 9721(b).

Under the circumstances presented by this case, I believe that the trial court's decision to seek the protection of society and the rehabilitation of Appellant by means other than incarceration was both reasonable and just. However, as noted by the majority, the governing provisions of sections 9813 and 3815 restrained the trial court's discretion in this regard. Accordingly, given the text of the statutes at issue, and without additional procedures or rules for "problem solving" in Pike County, it was not within the province of the trial court, or this Court, to fashion an equitable exception.

On a final note, only seventeen of the Commonwealth's sixty-seven counties have adopted alternative dispute resolution processes for veterans, and Pike County is not one of the seventeen to have done so. In my view, this disparity in the adoption of

---

1. Appellant was also charged with assault related to this offense. However, the present record did not contain any details regarding the assault charges.

alternative procedures and rules to address situations such as this one cries for greater attention by the proper policy makers to the laws that necessarily govern our review of this appeal.[2]

I thus respectfully, but reluctantly, join in the result reached in the above opinion.

BENDER, President Judge, joins.

2. For example, it appears Appellant's DUI charges in Harrisburg were diverted to a veteran's program.