J-S36028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY FLAHERTY | |
| Appellant | No. 2888 EDA 2013 |

Appeal from the Order Entered September 26, 2013
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000320-2012
CP-52-CR-0000321-2012

BEFORE:  GANTMAN, P.J., JENKINS, J., and FITZGERALD, J.[**]

MEMORANDUM BY JENKINS, J.:              **FILED SEPTEMBER 10, 2014**

The Commonwealth of Pennsylvania appeals the September 26, 2013 order of the Court of Common Pleas of Pike County granting Timothy Flaherty an extension of his previously granted furlough from the county correctional facility to attend a veterans' post-traumatic stress syndrome treatment ("PTSD") program. We reverse.

On February 28, 2013, the trial court sentenced Flaherty to a term of incarceration in the Pike County Correctional Facility of not less than one year plus ninety days but not more than five years. The sentencing order specifically stated, "this [c]ourt shall retain jurisdiction in this matter for the purposes of [p]arole." Trial Court Opinion, 9/26/2013 ("Trial Court

_____

[**] Former Justice specially assigned to the Superior Court.

Opinion"), at 2. On the day of sentencing, Flaherty filed a Petition for Furlough seeking leave to receive inpatient treatment at a Residential Treatment Program called the Domiciliary Residential Program ("DRP") which specializes in PTSD in Montrose, New York.

On March 11, 2013, the trial court granted Flaherty's Petition for Furlough for a forty-five day treatment program at the aforementioned facility. On March 14, 2013, the Commonwealth filed a Petition for Rescission of the Furlough on the grounds of an active bench warrant for Flaherty's arrest in Dauphin County. The trial court granted the Commonwealth's Petition for Rescission and entered an order rescinding the previous furlough order. On March 19, 2013, Flaherty filed a second Petition for Furlough in which he averred the bench warrant had been issued in error and had been rescinded.[1] On March 20, 2013, following a hearing, the trial court granted Flaherty's second Petition for Furlough and granted his release subject to the terms of the March 11, 2013 furlough order.

After Flaherty successfully completed DRP, he petitioned the trial court for a furlough extension to remain at the in-patient PTSD facility and continue receiving PTSD treatment. On May 2, 2013, following a hearing, the trial court granted Flaherty's request for a furlough extension. The

_____

[1] In his petition, Flaherty included a March 13, 2013 order from Dauphin County rescinding the bench warrant.

Commonwealth timely appealed the trial court's orders granting Flaherty's furlough petition and first extension.

Pennsylvania Rule of Appellate Procedure 1701 explains the effect of an appeal on the trial court's jurisdiction to issue further orders on the pending matter:

> **Rule 1701. Effect of Appeal Generally**
>
> **(a) General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.
>
> **(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> (1) *Take such action as may be necessary to preserve the status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.
>
> * * *

Pa.R.A.P. 1701 (emphasis added).

While the appeal of the legality of the trial court's grant of Flaherty's original Petition for Furlough and first extension was pending, Flaherty filed a Petition for Continued Furlough. On September 26, 2013, following a hearing, the trial court granted the petition, finding that Flaherty made

significant improvements[2] during the furlough. The trial court ordered Flaherty to continue to reside in the treatment facility twenty-four hours a day and to begin a new treatment program called Common Ground at the facility, which would focus on issues such as substance abuse and PTSD. Trial Court Opinion, at 3. The Commonwealth appealed the grant of the extension, arguing the trial court's order fell outside the scope of Pa.R.A.P. 1701(b)(1) because it "does not maintain the status quo as it allows Flaherty to be released from serving his incarceration sentence [to] a new program [Common Ground] after completion of a prior program [DRP] and expired furlough." Appellant's Brief at 12.

On March 31, 2014, this Court addressed the prior appeals[3] and found the initial furlough and its extension improper. We held in *Commonwealth v. Flaherty*, 89 A.3d 286 (Pa.Super.2014) that the trial court did not have authority to grant Flaherty's initial request for a furlough because "his maximum sentence is for five years, not 'for less than five years,' as

_____

[2] The significant improvements included negative results from multiple drug urine tests, attendance at groups and meetings as scheduled, participation in substance abuse groups, and completion of monthly community service. *See* Trial Court Opinion, at 3; August 23, 2013 Letter from Jay Pomales, Ph.D, Department of Veterans Affairs, at 1.

[3] The Commonwealth's appeals of the grant of the initial Petition for Furlough and Appellant's first request for an extension were consolidated at docket numbers 1034 EDA 2013 and 1440 EDA 2013.

required by statute" as a prerequisite for the trial court's authority to grant leave from a county jail. *Id.* at 289 (citing 42 Pa.C.S. § 9813).

Accordingly, regardless of our interpretation of Pa.R.A.P. 1701, our prior holding mandates that any orders extending the improvidently granted initial furlough be vacated. As logic dictates and Appellee concedes,[4] because the trial court did not have jurisdiction to enter the initial furlough and the first extension, the trial court could not have jurisdiction to continue Appellee's furlough on September 26, 2013.

Order **reversed**. Jurisdiction **relinquished**.

President Judge Gantman joins the memorandum.

Justice Fitzgerald files concurring statement in which Judge Jenkins joins.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2014

_____

[4] *See* Appellee's Brief at 3 ("Because the [t]rial [c]ourt did not initially possess jurisdiction to grant furlough to Mr. Flaherty, it can only logically be concluded that the [t]rial [c]ourt did not possess jurisdiction to continue furlough, regardless of the circumstances, under Pa.R.A.P. 1701. Accordingly, Mr. Flaherty is constrained to concede that the [t]rial [c]ourt was without jurisdiction to continue his furlough on September 26, 2013.")