**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3565
_____

STEPHANIE TARAPCHAK,
                                    Appellant

v.

COUNTY OF LACKAWANNA; LACKAWANNA
COUNTY PRISON BOARD; PATRICK LYNN, Director
of Lackawanna County Prison Home Detention Program

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-15-cv-02078)
District Judge: Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2018

Before: VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed:  June 19, 2018)
_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephanie Tarapchak appeals from orders of the District Court granting Lackawanna County's Rule 50(a) motion for judgment as a matter of law and denying her Rule 59(e) motion for reconsideration and a new trial. For the reasons that follow, we will affirm.

On January 2, 2014, Tarapchak was arrested on criminal charges stemming from the operation of her medical practice and detained at the Lackawanna County Prison on $100,000 bail.[1] Lackawanna County Court of Common Pleas Judge Vito P. Geroulo reduced Tarapchak's bail and ordered that she be placed in the Lackawanna County House Arrest Program while out on bail. In his May 5, 2014 Order, Judge Geroulo warned that "[v]iolations of House Arrest regulations will result in termination from the programs and further result in re-incarceration in the Lackawanna County Prison." The Order further advised Tarapchak that, pursuant to 61 Pa. Cons. Stat. Ann. § 2141,[2] "if you fail to abide by all conditions set forth by the House Arrest Programs or fail to return to Official Detention, a Bench Warrant will be issued for your arrest and Escape Felony Charges will be filed." Last, the Order provided that it would "serve as a temporary Bench Warrant until Formal Charges for Escape are filed by the County District

---

[1] Tarapchak eventually was convicted in the Schuylkill County Court of Common Pleas and sentenced on March 10, 2016 to a term of imprisonment of 7½-15 years.

[2] This statute actually was repealed in 2008 and replaced by 42 Pa. Cons. Stat. Ann. § 9813. See Commonwealth. v. Flaherty, 89 A.3d 286, 289 (Pa. Super. Ct. 2014). Section 9813 concerns work release for sentenced prisoners; subparagraph (c) specifically provides that, if the offender violates the conditions of work release, "the order of court may be revoked or modified at any time with notice to the prisoner." Id. at § 9813(c). During the relevant time period Tarapchak was a pretrial detainee, not a sentenced prisoner.

2

Attorney's Office." Tarapchak remained in the House Arrest program without incident from May 5, 2014 to October 22, 2014.

Pursuant to the terms of her release to the House Arrest Program, Tarapchak was permitted to be away from her residence from 3:00 p.m. until 5:30 p.m. On October 23, 2014, her electronic monitoring device indicated that she left her residence at 5:17 p.m. but did not return until just after midnight the next day. On October 23, 2014, Tarapchak appeared at the House Arrest facility and essentially admitted that she had violated the conditions of the House Arrest Program the previous evening. Patrick Lynn, the Director of the Lackawanna County House Arrest program, accordingly charged her with a misconduct and she was remanded to the Lackawanna County Prison.

The next day, October 24, Director Lynn and Correctional Officer Julie Kelly conducted a misconduct hearing; Tarapchak declined to participate. Director Lynn wrote a misconduct hearing report (dated the same day), and in it he recommended that Tarapchak "remain incarcerated in the Lackawanna County Prison pending action by the Attorney General Office." Director Lynn then wrote to Judge Geroulo on October 27, 2014, stating that Tarapchak had been terminated from the House Arrest Program due to a "Program Violation: Unauthorized Departure and Unauthorized Sites," and recommending that she remain in the Lackawanna County Prison. In the meantime, on October 24, and thus the day after Tarapchak was re-incarcerated, the Pennsylvania Attorney General's Office faxed a motion to revoke Tarapchak's bail to her criminal defense attorney and to Judge Geroulo. We note that state criminal Rule 150 requires that a hearing on a bail revocation motion take place before a judicial officer within 72

3

hours of re-incarceration.  Pa. R. Crim. P. 150(A)(5)(b).  A hearing before a judicial officer on the Attorney General's motion to revoke Tarapchak's bail did not take place until November 7, 2014, fifteen (15) days after she was re-incarcerated.

On October 27, 2015, Tarapchak filed a civil action in the United States District Court for the Middle District of Pennsylvania, against Lackawanna County; the Pennsylvania Attorney General and an Assistant Attorney General; a United States Magistrate Judge; three individual judges of the Court of Common Pleas of Lackawanna County, including Judge Geroulo; the Warden of the Lackawanna Prison; counsel for the Lackawanna County Prison; Director Lynn; a Lackawanna County Public Defender; and Conflict Counsel for the Lackawanna County Public Defender's Office, alleging violations of her civil rights, 42 U.S.C. § 1983, in connection with her pre-trial and post-trial detention at the Lackawanna County Prison.[3]  Joseph Pilchesky, a non-lawyer, sought standing as a "next friend."  After Tarapchak filed a second amended complaint, the defendants moved to dismiss it.

On March 24, 2016, the District Court denied Mr. Pilchesky's application for "next friend" standing and granted most of the defendants' motions to dismiss.  The Court denied in part Lackawanna County's and Director Lynn's motions "as to the Fourteenth Amendment due process claim relating only to the extended pretrial detention due to the alleged failure to timely schedule the statutory hearing … as … Tarapchak

---

[3] Pursuant to 28 U.S.C. § 292(b), our Chief Judge designated and assigned the Honorable Mark Kearney of the United States District Court for the Eastern District of Pennsylvania to hear the matter.

4

states a potential claim for Director Lynn's individual liability and Lackawanna County's *Monell* liability[4] subject to review after discovery." Tarapchak was directed to file a Third Amended Complaint focusing on her due process claim against Lackawanna County and Director Lynn. In her Third Amended Complaint, Tarapchak contended that, "[a]lthough arrested for a bail violation, [she] didn't get her mandatory bail violation hearing before a judicial officer within (72) hours as mandated by Pa. Code 234 § 150 et seq., instead, she was subjected to Lackawanna County's longstanding, non-judicial "Custom and Practice" … of managing some bail violations without a judicial officer…." Third Amended Complaint, at 2. In citing to "Pa. Code 234 § 150" it appears that Tarapchak was referring to state criminal Rules 536 and 150. Rule 536 provides:

> When a violation of a condition [of bail] occurs, the bail authority may issue a bench warrant for the defendant's arrest. When the bench warrant is executed, the bench warrant proceedings shall be conducted pursuant to Rule 150.

Pa. R. Crim. P. 536.

After answering the Third Amended Complaint, both Director Lynn and Lackawanna County moved for summary judgment, Fed. R. Civ. P. 56(a), and submitted supporting briefs and documents. Lackawanna County argued that summary judgment in its favor was warranted because a bench warrant did not actually issue in Tarapchak's case and thus criminal Rules 536 and Rule 150 did not apply to her circumstances. Director Lynn, on the other hand, conceded in his summary judgment motion that Tarapchak's interest in remaining in home confinement status while on bail was protected

---

[4] Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

by the Fourteenth Amendment and that the hearing of November 7, 2014 conducted on the bail revocation motion did not take place within the Rule 150 time-frame. He argued, however, that the scheduling of hearings on bail revocation motions was not a process over which he exercised any control; that Rule 150 contemplates that the President Judge of the Court of Common Pleas will establish procedures for the monitoring of the time that individuals are detained pending their bench warrant hearings; and that he was diligent in notifying Judge Geroulo of the execution of the bench warrant in Tarapchak's case. In the alternative, he argued that he was qualifiedly immunized from a § 1983 suit for damages.

On November 10, 2016, the District Court granted Director Lynn's motion for summary judgment and denied Lackawanna County's motion for summary judgment. In pertinent part, the District Court determined that Judge Geroulo's May 5 Order operated as a bench warrant and thus that Rule 150's hearing before a judicial officer within 72 hours requirement applied; that the judges of the Lackawanna County Court of Common Pleas are responsible for scheduling bail revocation hearings; and that Director Lynn's misconduct hearing, although it was held within 72 hours, lacked adequate procedural protections. The case was scheduled for trial and Tarapchak moved for appointment of counsel to assist her in prosecuting her case against the County. The District Court granted the motion but then was unable to secure counsel after having contacted over ten attorneys, see Docket Entry No. 274.

The District Court eventually ordered Tarapchak to proceed at trial pro se. She did so, but was unable to present sufficient evidence to show that the County was liable

6

for the alleged procedural due process violation.  The County moved for judgment as a matter of law, Fed. R. Civ. P. 50(a), following the close of Tarapchak's case, and, in an order entered on May 17, 2017, the District Court granted the motion.  Tarapchak then sought reconsideration and a new trial, Fed. R. Civ. P. 59(e), arguing that inadequate discovery and her lack of counsel had prejudiced her case.  In an order entered on October 23, 2017, the District Court denied Tarapchak's motion, concluding, in pertinent part, that there had been no abuse of discretion in requiring her to proceed pro se.  The District Court noted Tarapchak's ability to present her arguments without the assistance of counsel, that it had tried zealously but without success to find her pro bono counsel, that there were no discovery violations, and that the trial was conducted in a fair manner.

Tarapchak appeals pro se.  We have jurisdiction under 28 U.S.C. § 1291.  We may affirm the judgment of the District Court on any basis which finds support in the record. See Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).  In her Informal Brief on appeal, Tarapchak argues that the District Court erred in failing to appoint counsel prior to the trial and that the absence of a lawyer substantially prejudiced her case.  She further contends that the District Court erred in granting the County's Rule 50 motion for judgment as a matter of law and in denying her Rule 59 motion.

We exercise plenary review of an order granting a motion for judgment as a matter of law under Rule 50.  See Lightning Lube, Inc. v. Witco Corp, 4 F.3d 1153, 1166 (3d Cir. 1993).  "Such a motion should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find

7

liability." Id. In deciding whether appointment of counsel is warranted, courts consider as a threshold matter whether the appeal has arguable merit in fact or law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Courts also consider the litigant's ability to present her case and the difficulty of the particular legal issues presented. Id. at 156.

To make out a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived her of a federal right. See Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). The Due Process Clause protects against the extended detention of a criminal defendant without a hearing before a judicial officer to contest the validity of the detention. See Gerstein v. Pugh, 420 U.S. 103, 114 (1975). In Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court held that no constitutional deprivation occurred where the arrest was made pursuant to a valid warrant, and the plaintiff was jailed for three days over a New Year's weekend before being released, but the Court suggested that the lawfulness of "detention pursuant to a valid warrant ... will after the lapse of a certain amount of time deprive the accused of liberty without due process of law." Id. at 145. The Supreme Court has further held that due process requires that courts hold parole revocation hearings within a reasonable time after arrest. Morrissey v. Brewer, 408 U.S. 471, 488 (1972). Although both bail and parole are conditional liberties, a bailee has a greater liberty interest because, unlike a parolee, a bailee has not been convicted and the presumption of innocence still applies.

Pennsylvania criminal Rule 150 provides for the required procedures "when a bench warrant is executed." Pa. R. Crim. P. 150(A). It provides that:

8

> When a defendant … is arrested pursuant to a bench warrant, he or she shall be taken without unnecessary delay for a hearing on the bench warrant. The hearing shall be conducted by the judicial officer who issued the bench warrant, or, another judicial officer designated by the president judge or by the president judge's designee to conduct bench warrant hearings.

Pa. R. Crim. P. 150(A)(1). Subparagraph (A)(5)(b) of Rule 150 provides that "the individual shall not be detained without a bench warrant hearing on that bench warrant longer than 72 hours, or the close of the next business day if the 72 hours expires on a non-business day." We assume arguendo that Rule 150, with its requirement that a bail revocation hearing be held before a judicial officer within 72 hours, satisfies federal constitutional due process requirements.

Here, it is undisputed that a hearing before a judicial officer on the Attorney General's motion to revoke Tarapchak's bail did not take place until November 7, 2014, fifteen (15) days after she was re-incarcerated. It is further undisputed that Director Lynn is not a judicial officer.[5] He testified at trial that his misconduct hearings are administrative proceedings and not bail revocation hearings; and that a misconduct hearing is merely a chance for the individual to tell her side of the story for the report he sends to the judge. Thus, a claim for nominal damages may be stated.[6] Nevertheless, we agree with the District Court that there was insufficient evidence to show that

---

[5] A "judicial officer" is a judge. Cf. Pa. R. Crim. P. 150(B) ("As used in this rule, 'judicial officer' is limited to the magisterial district judge or common pleas court judge who issued the bench warrant, or the magisterial district judge or common pleas court judge designated by the president judge or by the president judge's designee to conduct bench warrant hearings….")

[6] Presumably, Tarapchak received credit for time served between October 23, 2014 and the date she was sentenced.

Lackawanna County is liable for the alleged procedural due process violation. Lackawanna County cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. See Monell, 436 U.S. at 691. Therefore, Tarapchak must prove that the violation of her rights was caused by either a policy or a custom of the County. See Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (per curiam). Once a § 1983 plaintiff identifies a municipal policy or custom, she must "demonstrate that, through its *deliberate* conduct, the municipality was the moving force behind the injury alleged." Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 404 (1997) (internal quotation marks removed). If the policy or custom does not facially violate federal law, causation can be established by "demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." Id. at 407 (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). "Failure to adequately screen or train municipal employees can be considered deliberate indifference where the failure has caused a pattern of violations." Berg, 219 F.3d at 276.

Tarapchak attempted to prove that the County failed to adequately screen and train Director Lynn, but no evidence showed nor could have shown that Lackawanna County through its deliberate conduct was the moving force behind the injury alleged where the judges of the Lackawanna County Court of Common Pleas are responsible for the timely scheduling of bail revocation hearings. There was no proof whatever that Director Lynn was masquerading as a judicial officer or that Lackawanna County has any control over

the scheduling of timely bail revocation hearings.[7]  Accordingly, the District Court

properly granted judgment to the County pursuant to Rule 50.  Insofar as the Court was

unable to locate counsel willing to take Tarapchak's case, there was no error in declining

to appoint counsel to represent her.  Tarapchak's motion for reconsideration and a new

trial pursuant to Rule 59 was properly denied.  See Max's Seafood Café v. Quinteros, 176

F.3d 669, 673 (3d Cir. 1999).

For the foregoing reasons, we will affirm the orders of the District Court granting

Lackawanna County's Rule 50 motion for judgment as a matter of law and denying

Tarapchak's Rule 59 motion for reconsideration and a new trial.

---

[7] Any claim against the President Judge and/or the Lackawanna County Court of
Common Pleas is precluded by the Eleventh Amendment, which immunizes
Pennsylvania, its agencies, and its employees acting in their official capacities, from suits
brought pursuant to 42 U.S.C. § 1983 in federal court, see Pennhurst State School &
Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25
(3d Cir. 1981).  The Lackawanna County Court of Common Pleas is part of
Pennsylvania's unified judicial system and all courts in the unified judicial system are
part of the Commonwealth and are entitled to Eleventh Amendment immunity.  See
Haybarger v. Lawrence County Adult Probation & Parole, 551 F.3d 193, 198 (3d Cir.
2008).  Furthermore, "all components of the judicial branch of the Pennsylvania
government are state entities and thus are not persons for section 1983 purposes."
Callahan v. City of Philadelphia, 207 F.3d 668, 674 (3d Cir. 2000).  See also Will v.
Michigan Dep't of State Police, 491 U.S. 58 (1989) ("[A] State is not a 'person' within
the meaning of § 1983.").  None of the exceptions to Eleventh Amendment immunity
would apply here because Pennsylvania has not consented to suit in federal court, see 1
Pa. Cons. Stat. Ann. § 2310; 42 Pa. Cons. Stat. Ann. § 8521(b).