**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID HENRY LAWSON | : | |
| | : | |
| Appellant | : | No. 1346 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 29, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000813-2021

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 14, 2022**

Appellant, David Henry Lawson, appeals from the aggregate judgment of sentence of 14 to 36 months' incarceration imposed following his guilty plea to default in required appearance and possession of a controlled substance.[1] With this appeal, Appellant's counsel has filed an application to withdraw as counsel and an ***Anders*** brief.[2]  Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

On April 27, 2021, officers of the Scranton Police Department and U.S. Marshal's Fugitive Task Force were conducting surveillance of Appellant at an address in the City of Scranton based upon Appellant's failure to maintain

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5124(a); 35 P.S. § 780-113(a)(16).

[2] ***See Anders v. California***, 386 U.S. 738 (1967).

contact with the Pennsylvania Parole Board. Officers made visual contact with Appellant and another individual and approached them. During Appellant's arrest, a bag containing synthetic marijuana was discovered on his person.

On May 7, 2021, Appellant pled guilty to the above-stated charges. Prior to entering the plea, Appellant completed a written plea colloquy and the trial court entered into an on-the-record colloquy to determine whether his plea was knowing, voluntary, and intelligent. During his colloquy, Appellant admitted to his possession of synthetic marijuana and his failure to appear before the Parole Board. At the conclusion of the hearing, the trial court accepted Appellant's plea and deferred sentencing for the completion of a pre-sentence investigative report ("PSI").

On August 3, 2021, the trial court sentenced Appellant to an aggregate sentence of 14 to 36 months' imprisonment in a state correctional facility, consisting of 8 to 24 months on the default in required appearance charge and 6 to 12 months on the possession of a controlled substance charge. On August 12, 2021, Appellant filed a post-sentence motion. On September 29, 2021, after a hearing, the trial court denied all of the requested relief, except the court modified the sentence to indicate that Appellant was eligible for boot camp and issued an amended sentencing order. Appellant thereafter filed a timely notice of appeal.[3]

---

[3] Appellant filed his concise statement of errors complained of on appeal on November 23, 2021. The trial court filed its opinion on January 12, 2022.

As stated above, counsel has filed an **Anders** brief and application to withdraw as counsel in this Court. In her **Anders** brief, counsel identifies the following issues:

> Whether the sentences imposed on both offenses were inappropriately excessive, harsh and an abuse of discretion since (1) they fell in the high end of the standard guidelines ranges and (2) since the trial court directed that they be served in a state correctional facility rather than in a county incarceration facility.

**Anders** Brief at 4 (emphasis and unnecessary capitalization omitted).

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. **Commonwealth v. Dempster**, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that she has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 183 (Pa. Super. 2016); **Goodwin**, 928 A.2d at 290.

An **Anders** brief must comply with all of the following requirements:

> [T]he **Anders** brief . . . must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); **see also Dempster**, 187 A.3d at 270. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Dempster**, 187 A.3d at 271; **Bynum-Hamilton**, 135 A.3d at 183.

In the application to withdraw, counsel indicated that she had engaged in a thorough review of the record and determined that there are no non-frivolous grounds for the appeal. Counsel sent a letter to Appellant advising him of his right to retain new counsel or proceed *pro se* and raise any additional issues he deemed worthy of this Court's attention, and counsel included with the letter a copy of the petition to withdraw and **Anders** brief. Counsel's **Anders** brief includes a summary of the relevant procedural and factual background to this case and discusses the reasons upon which counsel bases her conclusion that the appeal is frivolous, with citation to applicable caselaw. Therefore, we conclude that counsel has adequately complied with the procedural requirements for withdrawal.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. We first consider the issues raised by counsel in the *Anders* brief and determine whether they are in fact frivolous. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*); *Dempster*, 187 A.3d at 272. In addition, if we find all of those issues frivolous, we then proceed to conduct an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. *Yorgey*, 188 A.3d at 1197; *Dempster*, 187 A.3d at 271-72.

Counsel identifies two discretionary sentencing issues in her brief. First, counsel asserts that Appellant believes that his sentences in the high end of the standard guideline range were not warranted based upon his addiction issues and the fact that his crimes were non-violent. Appellant also maintains that the trial court abused its discretion by directing that his sentence be served in a state correctional institution rather than a county facility.

A challenge to the discretionary aspect of a sentence is not appealable as of right. *Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Id.* (citation omitted).

Counsel has complied with the first three requirements by filing a timely notice of appeal, preserving the issues raised on appeal in the post-sentence motion, and including a Rule 2119(f) statement in the ***Anders*** brief.[4] Therefore, we must proceed to determine whether the identified issues present a substantial question that merits our review. A substantial question is present where the appellant advances an argument that the sentence was inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***Akhmedov***, 216 A.3d at 328.

Appellant's first issue regarding the excessiveness of his sentence in light of Appellant's addiction and the non-violent nature of the offense presents a substantial question. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en banc*) (argument that sentence was

___

[4] The Commonwealth argues that Appellant's issues are waived because they were not included in the post-sentence motion or Pa.R.A.P. 1925(b) concise statement. We do not find grounds for waiver here. Rather, we conclude that the arguments identified in the ***Anders*** brief were included in Appellant's post-sentence motion. ***See*** Petition for Reconsideration of Sentence, 8/12/21, ¶¶8-16. Moreover, while Appellant's concise statement only generically challenges the excessiveness of the sentence and does not indicate the specific issues identified on appeal, this Court will excuse a Pa.R.A.P. 1925 defect where appellate counsel has filed an application to withdraw and ***Anders*** brief. ***See Commonwealth v. Hernandez***, 783 A.2d 784, 786-87 (Pa. Super. 2001) (reviewing discretionary sentencing issue despite counsel's failure to file a court-ordered Pa.R.A.P. 1925(b) statement where appellate counsel had filed application to withdraw and ***Anders*** required independent review of the record); ***see also see also Commonwealth v. Cox***, 231 A.3d 1011, 1016 (Pa. Super. 2020).

excessive in conjunction with assertion that court failed to consider mitigating factors raised a substantial question).

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Taylor**, 277 A.3d 577, 592-93 (Pa. Super. 2022) (citation omitted).

The record reflects that Appellant's sentences of 8 to 24 months' incarceration for default in required appearance and 6 to 12 months for possession of a controlled substance were within the standard guideline range.[5] When the sentencing court has applied the sentencing guidelines correctly and imposed a sentence within the sentencing guidelines, the appellate court shall only vacate the sentence "where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). In imposing a sentence of confinement, the sentencing court must consider "the

_____

[5] On the default in required appearance offense, Appellant had a prior record score of 5 and the offense gravity score for this charge was 2; therefore, the standard range was 1 to 9 months. 204 Pa. Code §§ 303.15, 303.16(a). The offense gravity score for the possession offense was 3, and the standard range was 6 to 16 months. *Id.*

protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" pursuant to Section 9721(b) of the Sentencing Code. 42 Pa.C.S. § 9721(b). However, where the court had the benefit of the review of a PSI, we must presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations against the Section 9721(b) factors. *See Commonwealth v. Knox*, 165 A.3d 925, 930 (Pa. Super. 2017); *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006).

Here, the trial court had the benefit of a PSI and therefore was presumed to have been aware of any mitigating factors when imposing Appellant's sentence. *See* N.T., 8/3/21, at 2. Moreover, at sentencing, Appellant indicated his remorse and explained to the court that his actions related to his mental health and substance abuse issues. *Id.* at 2-3. Therefore, the record demonstrates that the trial court was aware of and considered all relevant factors when imposing Appellant's sentence. Any lingering question regarding the individualization of Appellant's sentence was extinguished upon the trial court's decision—following a hearing on Appellant's motion for reconsideration—to not reduce the length of Appellant's sentence based upon the fact that he had been granted prior opportunities of supervision and rehabilitation and had failed to comply. *See* Order, 9/29/21. Accordingly, we concur in counsel's determination that an argument that his standard guideline sentence was excessive would be frivolous.

In the second issue raised in the **Anders** brief, Appellant contends that his sentence constituted an abuse of discretion based upon the trial court's determination that it be served in a state, rather than a county, correctional facility. Counsel notes that Appellant's crimes were Level 3 offenses under the sentencing guidelines and therefore the trial court was permitted to impose a county sentence. **See** 204 Pa. Code § 303.11(b)(3). In light of this discretion afforded by the guidelines, counsel asserts that this issue raises a substantial question.

Our case law offers conflicting guidance as to whether this claim presents a substantial question. In **Commonwealth v. Brown**, 982 A.2d 1017 (Pa. Super. 2009), the appellant argued that his sentence was unreasonable because he was given "state time" for a non-violent misdemeanor and he was non-confrontational during his plea and sentencing hearing. **Id.** at 1020. We found that the appellant had not raised a substantial question, as he offered "no colorable argument or authority for the notion" that the non-violent nature of his offense and his non-confrontational nature in court cannot result in a sentence to be served in a state correctional institution. **Id.**

By contrast, in **Commonwealth v. Fullin**, 892 A.2d 843 (Pa. Super. 2006), we found that a substantial question had been raised in a claim that the trial court abused its discretion by ordering a one-to-three-year, aggravated range sentence in a state correctional institution rather than a county facility because the offense fell under Level 2 of the guidelines which

allows for "confinement in a county facility, but not a state facility." ***Id.*** at 845, 850 (citing 204 Pa. Code § 303.11(b)(2)). Appellant also cites our decision in ***Commonwealth v. Stanlnaker***, 545 A.2d 886 (Pa. Super. 1988), wherein we held that the appellant had presented a substantial question by arguing that the trial court abused its discretion by ordering him to serve a sentence of two years to five years less one day in a state, not a county, facility; we noted that "because of appellant's age at the time of the offense, the lack of any prior criminal history, and the relative harshness of a state as opposed to a county sentence, a substantial question exists with respect to the appropriateness of his sentence." ***Id.*** at 887-89.

We conclude that Appellant's claim in this matter does not raise a substantial question. Under Section 9762 of the Sentencing Code, an offender who receives a sentence with a maximum term of more than two years and less than five years shall be committed to the Department of Corrections unless three conditions are satisfied: (i) the administrator of the county facility agrees to accept prisoners with two-to-five-year sentences, (ii) the attorney for the Commonwealth consents to a county sentence, **and** (iii) the sentencing court approves the sentence being served in the county facility. 42 Pa.C.S. § 9762(b)(2); ***see also Commonwealth v. Mefford***, 863 A.2d 1206, 1209 (Pa. Super. 2004) (*en banc*) ("[T]he plain meaning of Section 9762 is that length of maximum sentence determines where a prisoner is committed."). Therefore, while the trial court had the discretion to sentence Appellant to serve his sentence in the county facility, the trial court lacked any

- 10 -

ability to do so absent the consent of the Commonwealth and the approval of the administrator of the county facility. 42 Pa.C.S. § 9762(b)(2); *Mefford*, 863 A.2d at 1209. As the record is devoid of any indication of the Commonwealth or the local administrator's assent to a county sentence, the order that Appellant serve his sentence in a state institution was not only not contrary to a provision of the Sentencing Code but the Sentencing Code required the trial court to impose a state sentence.

In any event, even if we were to reach the merits of this issue, we would agree with appellate counsel that the issue is frivolous. The trial court had discretion to impose a county sentence, but it was only permitted to exercise its discretion upon the satisfaction of certain conditions that are not present here. Moreover, as discussed above, the sentencing proceedings reveal that the trial court appropriately considered the relevant sentencing factors and Appellant's history in determining the length and location of Appellant's sentence. In particular, the trial court noted that Appellant had been given multiple prior opportunities of supervised release and rehabilitation of which he had failed to take advantage. *See Fullin*, 892 A.2d at 852-53 (sentencing court did not abuse discretion where sentence was appropriate under Sentencing Code and court considered and balanced sentencing factors, reviewed PSI, and ultimately concluded that seriousness of offense and lack of remorse supported state, rather than county, sentence).

Based on the foregoing, we agree with counsel that the issues raised by Appellant are wholly frivolous. In addition, we have reviewed the certified

record and have discovered no additional non-frivolous issues. Therefore, we grant counsel's application to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2022